<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SNAP TRANSLOADING, LLC,<br><br>Defendant. | Case No. 2:21-cv-10392 (BRM) (CLW)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant Snap Transloading, LLC's ("Snap") Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative, Motion to Stay. (ECF No. 14.) Plaintiff Admiral Insurance Company ("Admiral") opposed the motions (ECF No. 21), and Snap replied (ECF No. 22). Having reviewed the submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Snap's Motion to Dismiss is **GRANTED**, and Snap's Motion to Stay is **DENIED AS MOOT**.

I.  **BACKGROUND**[1]

In July 2019, Alessandra Souza Costa[2], an employee of Snap, sued New Jersey Rail Carrier in the New Jersey Superior Court, seeking damages for injuries sustained when constructing a metal building. (Compl. (ECF No. 1) ¶ 21.) In August 2020, New Jersey Rail Carrier[3] commenced a third-party action[4] against Snap asserting claims for common law indemnity, contribution, and contractual indemnity. (*Id.* ¶ 16.) By letter dated January 28, 2021, Admiral agreed to defend Snap for the claims asserted by New Jersey Rail Carrier under a reservation of rights to deny coverage pursuant to Admiral's insurance policy. (*Id.* ¶¶ 8, 17.)

Three months later, on April 28, 2021, Admiral filed this Complaint against Snap in the District Court, asking the Court for a declaratory judgment that Admiral "can withdraw from the defense of Snap Transloading in the Underlying Action." (*Id.* at 9.) According to Admiral, its insurance policy applies to injuries caused by "Waste Transloading Onto Railcars" and the injuries

---

[1] As a preliminary matter, the Court finds Snap is making a facial Rule 12(b)(1) attack primarily because Snap's motion was made before answering the Complaint. *Kalick v. United States*, 35 F. Supp. 3d 639, 644 (D.N.J. 2014 ("A motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) which is filed prior to answering the complaint is considered a 'facial challenge' to the court's subject matter jurisdiction."). In addition, Snap accepts all allegations in the Complaint as they are pled for the purpose of its motion (ECF No. 14-2 at 2) and argued for the application of the motion standard for a Rule 12(b)(1) facial challenge (*Id.* at 4), further demonstrating Snap is making a facial Rule 12(b)(1) attack. A facial attack "challenges the subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).

[2] Alessandra Souza Costa was dismissed from this case due to Plaintiffs' failure to effect service. (ECF No. 20.)

[3] New Jersey Rail Carrier was dismissed from this case due to Plaintiffs' failure to effect service. (ECF No. 17.)

[4] Hereinafter, the original action filed against New Jersey Rail Carrier and the third-party action filed against Snap are referred to as the "Underlying Action."

at the issue of the Underlying Action were not caused by "Waste Transloading Onto Railcars." (*Id.* ¶ 21.) Admiral also alleges it has no duty to defend Snap under Admiral's insurance policy excluding common law indemnity and common law contribution. (*Id.* ¶¶ 27, 34.)

## II.  LEGAL STANDARD

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges the subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id.* (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows a court [to] weigh and consider evidence outside the pleadings." *Id.* (citation omitted). Therefore, when a factual challenge is made, "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "the plaintiff will have the burden of proof that jurisdiction does in fact exist," and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348, 349 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (quoting *Kulick v. Pocono*

*Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id.* (citing *Mortensen*, 549 F.2d at 892 (holding that dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id.*

### III. DECISION

Snap argues Admiral failed to "adequately allege that the jurisdictional threshold is met in this case," and therefore the Court lacks subject matter jurisdiction. (ECF No. 14-2 at 12.) Admiral contends the insurance policy (ECF No. 21 at 14) and a "reasonable reading" of the Underlying Action would "value it in excess of the $75,000 jurisdiction requirement" (*id.* at 15). The Court agrees with Snap.

If a defendant challenges the sufficiency of the plaintiff's amount in controversy, "the plaintiff who seeks the assistance of the federal courts must produce sufficient evidence to justify its claims." *Suber v. Kontinental Koaches, Inc.*, 104 F.3d 578, 583 (3d Cir. 1997). The standard is preponderance of the evidence. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 289 (3d Cir. 2006) "In an insurance coverage declaration action, courts look to the value of the insurance policy and the damages alleged in the underlying case to determine whether the jurisdictional amount in controversy has been met." *Colony Ins. Co. v. Troensa Constr., Inc.*, Civ. A. No. 17-3577, 2018 WL 4676038, at *6 (D.N.J. Sept. 28, 2018) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995)).

Here, Admiral's Complaint is void of any factual assertion regarding the damages alleged in the Underlying Action. In support of subject matter jurisdiction, Admiral offered only the following statement:

> Upon information and belief, the [p]laintiff in an underlying action for bodily injury, seeks damages in excess of $75,000, exclusive of interest or costs for which Snap Transloading will seek to be indemnified from Admiral if the [p]laintiff and third-party plaintiff in the underlying action prevail."

(ECF No. 1 ¶ 6.)

"It is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur." *New England Mortg. Sec. Co. v. Gay*, 145 U.S. 123, 129 (1892); *see also Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 543-44 (3d Cir. 1995) (deeming "fines that [plaintiff] might have to pay in administrative proceedings" as being too speculative in determining the amount in controversy). Mere conclusory statements based "upon information and belief" that the plaintiff in the Underlying Action might seek damages in excess of $75,000 are insufficient to establish whether the jurisdictional amount in controversy has been met. *See Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 45 (1st Cir. 2012) (affirming district court's dismissal of the complaint pursuant to Rule 12(b)(1) based on plaintiff failing to provide factual support to defeat defendant's challenge of jurisdictional amount). Admiral offers no evidence to show its claims exceed the jurisdictional amount other than inviting the Court to perform its independent appraisal of the value of the claim and measure it by a "reasonable reading of the value of the rights being litigated." (ECF No. 21 at 15). In other words, Admiral's Complaint failed to indicate the amount in controversy of its case, other than referring

to the Underlying Action. Even in cases offered by Admiral, the parties offered more than mere anticipation to pay damages to establish diversity jurisdiction. (ECF No. 21 at 11.) *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995) (finding diversity jurisdiction established based on allegations of "quite serious injuries" and entitlement to as much as $200,000 in underinsured motorist benefits); *see also Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) (finding $50,000 amount in controversy requirement was satisfied based on "one for compensatory damages in excess of $20,000, and one for punitive damages in excess of $20,000"). Accordingly, because the Complaint fails to give notice regarding the amount in controversy, Admiral's case is dismissed.[5]

### IV. CONCLUSION

For the reasons set forth above, Snap's Motion to Dismiss is **GRANTED**, and Snap's Motion to Stay is **DENIED AS MOOT**[6].

                                              */s/ Brian R. Martinotti*
                                              HON. BRIAN R. MARTINOTTI
                                              UNITED STATES DISTRICT JUDGE

Dated: January 10, 2022

---

[5] Because the Court cannot definitively conclude Admiral is not entitled to any remedy, dismissal is without prejudice. *See Figueroa v. Buccaneer Hotel Inc.*, 515 (3d Cir. 1999) (holding a Rule 12(b)(1) "dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice'"); *New Jersey Physicians, Inc. v. President of the United States*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) ("[D]ismissal for lack for subject matter jurisdiction [is] by definition without prejudice.")

[6] Because the Court finds it lacks subject matter jurisdiction over this case, the remaining filings and objections are rendered moot. *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd*, 39 F.3d 61 (3d Cir. 1994) (finding that once the court lacks subject matter jurisdiction, all other objections become moot).